## W. W. OWSLEY v. J. M. COOK & Co. et al.

**Attachment and Sale of Land to Which Attachment Creditors Only Had an Equitable Title — Legal Title Holder Necessary Party.**

Where a petitioner only has an equitable title to land, the legal title being in another, he should have joined the legal holder by a proper pleading, with a view to obtain the legal title.

**Same — Legal Title Should be Matured Before Sale.**

The chancellor should always ascertain where the legal title is to land, and have it matured so that a purchaser at his sale can be assured he is purchasing the land and not a law suit, as this depresses the price and causes a sacrifice.

**Directions to Commission as to when Sale Shall be Made.**

When the sale of land is to be on the premises, the commissioner should be ordered to make it on a day certain; when it is to be made at the Courthouse door it is sufficient to direct him to sell on the first day of a court to be held for the county.

**Receiver — Appointment — Bond — Qualification.**

A receiver should execute a bond, approved by the court and take the oath required by law before entering upon the discharge of his duties.

**Attorney for Plaintiff Appointed to Defend.**

An attorney who had brought some of these suits was appointed to defend others; *Held*, to be contrary to both the letter and spirit of the Code.

APPEAL FROM LINCOLN CIRCUIT COURT.

April 23, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Numerous creditors of appellant attached his property and had his land sold, in which numerous errors were committed and the whole judgment must be reversed and sent back with leave to Owsley to controvert both the causes of action and causes of attachment. Owsley seems only to have had an equitable title to the land, the legal title being in Whitley, who was not made a party by any proper pleading with a view of obtaining the legal title.

The chancellor should always ascertain where the legal title

is to land and have it matured so that a purchaser at his sale can be assured he is purchasing the land and not a mere equity or law suit, as this is always calculated to depress the price and cause a sacrifice.

There was no direction given the commissioner as to when or on what day he should make the sale, but he was left wholly to his own discretion as to this, which should never be done when the sale is to be on the premises; when it is to be at the courthouse door, it is sufficiently certain to direct him to sell on the first day of some court to be held for the county.

Under section 331, Civil Code, it is the duty of receivers to qualify before entering upon the discharge of their duties, and " with one or more sureties approved by the court, execute a bond to such persons and in such sums as the court shall direct."

The receivers do not appear to have been sworn in this case, nor did the court approve the bond; indeed, they did not execute a bond; a bond purporting to be a receiver's bond signed alone by Alcorn is copied in this record, but without approval by the court; however it might have sufficed had the court approved it, without such approval it cannot be regarded as a receiver's bond executed according to the requirements of the Code.

In several of the cases no affidavit of the insufficiency of the personalty was made, nor refunding bonds with security entered into, but in several bonds only signed by the plaintiff without approval are filed, which are totally insufficient to comply with the requisites of the law.

An attorney who had brought some of these suits was appointed to defend others, which is contrary to both the letter and spirit of the Code.

Denny seems only to have been Owsley's surety, and never to have paid the debt; the holder of this debt should have been a party, and the money adjudged to be paid to him; though the proceeding may be authorized on behalf of the surety, he is not entitled to the money unless he has paid the debt.

One Whitley seems to have been an attaching creditor, but whether he is the one that held the legal title to the land we cannot tell, nor does it matter, for still the pleadings were imperfect and erroneous for the purpose of securing the legal title to the purchaser and of informing those who desired to bid where it was.

There are other minor errors, but these substantial defects go to the whole judgment of sale and render it erroneous, even as to

those creditors whose proceedings were regular, as the judgment is a unit and not susceptible of partition.

Lindenberger, etc., seems to have had process and neither affidavit nor bond was necessary in their case, and they were entitled to a personal judgment; still the judgment of sale was erroneous for the other errors suggested on the part of other plaintiffs.

As the purchaser of the land is not a party to this record, no questions as to the title and sale are adjudicated.

Wherefore, the orders sustaining the attachments and ordering the land sold are reversed, with directions to the court below for further proceedings as herein indicated.

*Bradley,* for Appellant.

*Durham,* for Appellees.